# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
     JUDGE

## <u>LETTER OPINION</u>

August 4, 2009

Tonino Labella
Reg. No. 41261-050
Moshannon Valley Correctional Institute
555 Cornell Drive
Phillipsburg, Pennsylvania  16866

     (*Plaintiff Pro Se*)

Neil Rodgers Gallagher
United States Attorney's Office
970 Broad Street
Suite 700
Newark, New Jersey  07102

     (*Attorney for Defendant Plousis*)

     **RE:**   **Labella v. Gonzales, et al.**
               **Civ. No. 07-2718 (WJM)**

Dear Counsel:

     Plaintiff Tonino Labella, a former federal pretrial detainee, brought the instant action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his constitutional rights while in custody at the Passaic County Jail.  In his complaint, Labella named several defendants, including James Plousis, United States Marshal for the District of New

Jersey.  Defendant Plousis filed the instant unopposed motion to dismiss or in the alternative for summary judgment.   For the reasons that follow, Defendant Plousis's motion is **GRANTED** and all counts asserted against him are **DISMISSED**.

## I.     BACKGROUND

Plaintiff Labella was confined at the Passaic County Jail as a federal pretrial detainee.  On June 11, 2007, Labella filed a complaint *in forma pauperis* before this Court, listing Attorney General Alberto Gonzales, United States Marshal James Plousis, Passaic County Sheriff Jerry Speziale, and Passaic County Jail Warden Charles Meyers as defendants.  In the complaint, Plaintiff alleged four constitutional violations against all Defendants: (1) deliberate indifference to medical needs, (2) unconstitutional conditions of confinement at the Passaic County Jail, (3) denial of access to counsel, and (4) denial of access to the courts.  After reviewing the complaint, this Court dismissed all counts against Defendant Gonzales and Counts Three and Four as asserted against Defendants Plousis, Speziale, and Meyers for failure to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2).

On March 27, 2009, Defendant Plousis filed the instant motion to dismiss or in the alternative for summary judgment as to the remaining counts against him – deliberate indifference to medical needs and unconstitutional confinement conditions.  By the time Defendant filed his motion, Plaintiff had been sentenced and was incarcerated at the Moshannon Valley correctional facility in Phillipsburg, Pennsylvania.  Defendant mailed a copy of his motion to Labella at Moshannon Valley; however, Plaintiff has not filed an opposition.

## II.    DISCUSSION

Defendant Plousis seeks dismissal of the remaining counts asserted against him.  As Plousis correctly notes, Plaintiff Labella fails to describe any personal involvement by Plousis in the alleged constitutional violations.  This is fatal to Labella's claims.

The Third Circuit has held that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  An examination of Labella's complaint, however, reveals no allegations of "personal involvement" by Defendant Plousis.  Instead, Labella states that: "Authority for my detention was delegated to the U.S. Marshalls [sic] Service who was responsible for inspections of [Passaic County Jail] and compliance with federal and state regulations." (Compl. ¶ 4(c).)  This is the sum total of Plaintiff's contentions regarding Defendant

2

Plousis.  These allegations plainly fail to allege any involvement by Defendant Plousis himself in the wrongs alleged.  While "personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence," Plaintiff's allegations demonstrate neither.  *Rode*, 845 F.2d at 1207.

Defendant Plousis's uncontested certification demonstrates that he had no knowledge or involvement in the conditions of Plaintiff Labella's confinement at the Passaic County Jail.  Plousis asserts that he is "not involved in the day to day management of the prisoners or of the Passaic County Jail and I play no role in the placement, treatment or care of the prisoners."  (Decl. of James Plousis, ¶ 3.)  In addition, Plousis maintains that Plaintiff Labella's care was "totally in the hands of the [Passaic County Jail] and Plousis had no involvement with any issue concerning plaintiff or his medical treatment, placement at the jail or with the jail's operation."  (Def.'s Mem. 7.)  On this uncontested record, Defendant Plousis is entitled to dismissal of the remaining counts against him – deliberate indifference to medical needs and unconstitutional confinement conditions.

## III.   CONCLUSION

For the foregoing reasons, Defendant Plousis's motion is **GRANTED** and all claims asserted against him are **DISMISSED**.  An Order accompanies this Letter Opinion.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**